UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES A. STEWART | CIVIL ACTION NO. 11-428 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| WILLIAM CLAY KIMBRELL, L.P. BROWN, III, & KSB EXPLORATION, LLC | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion by Big River Oilfield Services, LLC (Big River) to dismiss the third party claim filed against it by defendants, doc.#55. In his Complaint for Declaratory Judgment, plaintiff, Stewart, seeks a determination that the defendants have no right, title, or interest in his working interest in a farmout agreement and producing wells.

Defendants filed an answer, counter claim and third party complaint against Big River and Steven Ford, both residents of Mississippi. In it defendants allege that third party defendants and plaintiff fraudulently induced defendants to withdraw from a farmout agreement, engaged in unfair trade practices, and tortiously interfered with defendants' participation in the farmout agreement.

Big River filed this motion to dismiss and asserts that this court lacks jurisdiction over the parties because complete diversity of citizenship is lacking.

<u>Analysis</u>

Plaintiff, Stewart, is a resident of Mississippi as are third party defendants Big River and

1

Steven Ford. Defendants Kimbrell, Brown and KSB are alleged to be residents of Louisiana. The supplemental jurisdiction statute, 28 U.S.C §1367, provides that this court has supplemental jurisdiction over all claims which are so related that they form part of the same case or controversy. Therefore, despite the third party defendants being residents of the same state as plaintiff, Mississippi, the court has jurisdiction over the third party claims if it has jurisdiction over the original claims set forth in the original complaint.

Mover argues that the court has no jurisdiction over the original complaint because Plaintiff is a member of the defendant LLC and an LLC is deemed to be a citizen of the states where its members reside. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080-81 (5th C. 2008). Since complete diversity does not exist, they reason, there is no jurisdiction and thus nothing to which the supplemental claim can attach.

Defendants admit that Big River has correctly stated the rule found in the statute as to supplemental jurisdiction. However, they assert two counter-arguments: First, that Stewart is no longer a member of the LLC because he (a) disassociated himself with it by filing suit and, (b) committed fraud which, under the terms of the LLC agreement, automatically terminated his membership. Second, defendants argue that federal question jurisdiction supports the jurisdiction of this court because they alleged violations of the Securities and Exchange Act of 1934 in the counterclaim and third party demand.

Stewart signed an affidavit attesting that he was and is a member of the LLC and that his membership has not been terminated nor has he been notified of any change in his membership. In support of its argument hat Stewart "disassociated" himself from the LLC, defendants point to

a provision contained in the LLC operating agreement[1] which provides, in pertinent part:

> 22. <u>Termination of Membership</u>. A member's interest in the LLC shall cease upon the occurrence of one or more of the following events:
>
> * * *
>
> (g) A Member, without the consent of a majority of the Members: . . . (4) files a petition or answer seeking for himself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law or regulation;

A simple reading of the provision shows that the provision has no applicability here. For Stewart has not filed a petition seeking to have himself reorganized etc. As pointed out by able counsel for Big River, similar provisions have been interpreted to apply only to juridical persons, not individuals. See, for example, <u>Crouse v. Mineo</u>, 658 S.E.2d 33, 38-40 (N.C. App. 2008). Stewart's suit seeks relief for himself but does not seek any sort of reorganization, liquidation etc.. This argument is meritless.

Next, defendants suggest that, because Stewart is alleged to have committed fraud, that he is no longer a member of the LLC and thus there exists complete diversity. However, they point to no specific provision of the contract in support of its position. Further, even if the agreement had contained a provision terminating membership where fraud is committed by a member, fraud has not been proven yet in this case, but rather it has only been alleged. Therefore, Stewart and

---

[1] Plaintiff claims in brief that the agreement submitted to the court does not contain his signature and that he does not recall ever signing it. I need not address this argument in view of my other findings.

the LLC are both citizens of Mississippi which destroys diversity. This argument too is meritless.

Finally, defendants suggest that federal question jurisdiction under the Securities and Exchange Act of 1934 exists. Federal law provides that the party who brings suit is master of what law is invoked. See <u>The Fair v. Kohler Die & Specialty Co.</u>, 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law." See <u>Carpenter v. Wichita Falls Independent School District</u>, 44 F.3d 362 (5th Cir. 1995). Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425 (1987). This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim." See <u>Carpenter</u>, supra.

The plaintiff's complaint does not raise a federal question. Nevertheless, defendants argue that the counterclaim itself raises a federal question and that, under Fifth Circuit precedent[2], this court can retain jurisdiction over the counterclaim and then utilize supplemental jurisdiction to retain jurisdiction over the claims made in the original complaint. However, counter claimants are bound by the same rules and if a federal claim was available to them and they did not assert it, no federal jurisdiction exists. Here, defendants point to language contained in their counterclaim and third party demand alleging that Stewart fraudulently induced defendants,

---

[2] <u>Mclaughlin v. Mississippi Power Co.</u>, 376 F.3d 344 (5th C. 2004).

engaged in unfair trade practices and violated fiduciary duties as evidence that a securities claim was made. Such an argument stretches credulity to the breaking point. No federal claim was made in the counter-claim and third party demand. This argument is meritless.

## Conclusion

Based on the above analysis, I conclude that complete diversity is absent in this case and no federal question was stated in the original complaint or in the counter-claim and third party demand. This court lacks jurisdiction and the entire case should be dismissed.

IT IS SO RECOMMENDED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 11th day of April, 2013.

                                                JAMES D. KIRK
                                                UNITED STATES MAGISTRATE JUDGE